U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED JAN 30 2020
CAROL L. MICHEL
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 19-219** |
| **v.** | * | **SECTION: "L"** |
| **DAMIAN K. LABEAUD** | * | |
| **a/k/a Damian Kevin Lebeaud** | | |
| **a/k/a Damien K. Lebeaud** | * | |
| **LUCINDA THOMAS** | | |
| **MARY WADE** | * | |
| **JUDY WILLIAMS** | | |
| **a/k/a Judy Lagarde** | * | |
| **DASHONTAE YOUNG** | | |
| **GENETTA ISREAL** | * | |
| **MARIO SOLOMON** | | |
| **LARRY WILLIAMS** | * | |

* * *

**FACTUAL BASIS AS TO LUCINDA THOMAS**

Should this matter have gone to trial, the government would have proved through the introduction of reliable testimony and admissible tangible exhibits, including documentary evidence, the following to support the allegations charged by the government in Count 1 of the Superseding Indictment now pending against the defendant, **LUCINDA THOMAS**, charging her with a violation of Title 18, United States Code, Section 371, namely, conspiracy to commit wire fraud. The Defendant, along with her co-conspirators and others, beginning in approximately June 2017 and continuing through approximately June 2019, in the Eastern District of Louisiana, and elsewhere, conspired to commit wire fraud in connection with a staged accident that occurred on June 6, 2017 in which the Defendant was a passenger.

On or about June 6, 2017, the Defendant, Damian Labeaud, and her other co-conspirators,

AUSA ____
Defendant ____
Defense Counsel ____

Mary Wade, Judy Williams, and Dashontae Young, agreed on a plan in which Labeaud would intentionally collide with a tractor-trailer with the Defendant and her co-conspirators in the vehicle at the time of the staged collision. As part of this agreement, following the staged accident, the Defendant and her co-conspirators, Wade, Judy Williams, and Young, would attempt to recover monetary damages from the owner and insurer of the tractor-trailer in connection with purported injuries suffered as a result of the staged accident.

On June 6, 2017, the Defendant drove Wade, Judy Williams, and Young in her vehicle, a 2009 Chevrolet Avalanche ("the Avalanche"), from Houma, Louisiana to a Burger King restaurant in New Orleans for a meeting with Labeaud wherein they discussed their plan to let Labeaud drive the Avalanche to stage an accident while the Defendant, Wade, Judy Williams, and Young were passengers in the vehicle. Immediately following this meeting, the Defendant let Labeaud drive the Avalanche from the Burger King with the Defendant, Wade, Judy Williams, and Young as passengers. At approximately 12:30 P.M. on June 6, 2017, Labeaud was driving the Avalanche east on Chef Menteur Highway and intentionally collided with a 2017 Freightliner tractor-trailer that was merging onto Chef Menteur Highway. Immediately after the accident, Labeaud exited the Avalanche and left the scene of the accident. The Defendant switched into the driver's seat of the Avalanche to make it appear as though the Defendant was driving the vehicle at the time of the accident.

Immediately after the accident, the Defendant contacted the New Orleans Police Department ("NOPD") to report the accident. The NOPD arrived on the scene shortly thereafter and the Defendant lied to NOPD officers stating that she had been the driver of the Avalanche at the time of the accident. At the time that the NOPD was on the scene, Labeaud returned to the



AUSA
Defendant
Defense Counsel



staged accident scene with Mario Solomon claiming to have been a witness to the accident. At no time did the Defendant tell NOPD officers that Labeaud had been the driver of the Avalanche at the time of the accident.

On June 6, 2017, after providing false information concerning the accident to the NOPD, the Defendant met with Attorney A, Labeaud, Wade, Judy Williams, and Young at a Raising Cane's restaurant ("Cane's") on Chef Menteur Highway. The purpose of this meeting was to discuss Attorney A's representation of the Defendant, Wade, Judy Williams, and Young in connection with seeking monetary damages from the owner and insurer of the 2017 Freightliner tractor-trailer for the staged accident that had taken place earlier that day. As a result of this meeting with Attorney A, the Defendant, Wade, Judy Williams, and Young all hired Attorney A to represent them.

On June 5, 2018, Attorney A filed a personal injury lawsuit on behalf of the Defendant against the owner and driver of the 2017 Freightliner tractor-trailer, including the owner's insurer, styled *Lucinda Thomas v. IQS Insurance Risk Retention Group, Inc., Southern Refrigerated Transport, Inc., and Darnell Artin* in the Civil District Court for the Parish of Orleans in the State of Louisiana ("the Thomas Lawsuit"). On June 8, 2018, the Thomas Lawsuit was removed to the United States District Court for the Eastern District of Louisiana, assigned Civil Action Case Number 18-6113, and allotted to Section "A."

The allegations in the Thomas Lawsuit were false in that they did not contain information about how Labeaud intentionally caused the June 6, 2017 accident with the 2017 Freightliner tractor-trailer. Furthermore, the Thomas Lawsuit falsely alleged that the Defendant had been the driver of the Avalanche during the accident and omitted material information about how the





Defendant had agreed to stage the accident with Labeaud. Moreover, Attorney A told the Defendant that she would get more money through the lawsuit if she had surgery. To increase the value of the Thomas Lawsuit, at Attorney A's direction, the Defendant also underwent neck surgery performed by Physician A referred by Attorney A.

On September 13, 2018, the Defendant was deposed in connection with the Thomas Lawsuit. The Defendant lied during that deposition and omitted key material facts. Namely, the Defendant provided false testimony about the circumstances of the June 6, 2017 accident and covered-up the fact that Labeaud had been the driver in this staged accident. Between September 2018 and April 2019, the owner and insurer of the 2017 Freightliner tractor-trailer (Southern Refrigerated Transport, Inc. ("SRT"), Covenant Transportation Group ("Covenant"), and IQS Insurance Risk Retention Group, Inc. ("IQS")) uncovered information indicating that the June 6, 2017 accident had been staged and sought to re-depose the Defendant with this new information. During this time period, and prior to April 9, 2019, Attorney A called the Defendant and stated that he needed to talk to her and Wade about the June 6, 2017 accident. Namely, Attorney A was concerned that SRT, Covenant, and IQS uncovered information revealing that Wade and Labeaud had communicated by telephone on June 6, 2017 prior to the staged accident. This fact presented an issue because Attorney A, the Defendant, Wade, Judy Williams, and Young had been concealing the fact that Labeaud was more than a percipient witness in connection with the June 6, 2017 staged accident, and had been the driver in that accident. Subsequently, Attorney A met with the Defendant and Wade at an establishment in Thibodeaux to discuss Wade's phone call to Labeaud prior to the June 6, 2017 accident.

During these conversations between the Defendant, Wade, and Attorney A, Attorney A





suggested that Wade and the Defendant needed to get their stories straight. Attorney A also insinuated that the Defendant and Wade provide a false explanation for Wade's pre-staged accident June 6, 2017 phone call with Labeaud in anticipation of their upcoming depositions. On April 9, 2019, the Defendant was re-deposed in the Thomas Lawsuit and again provided false information about the June 6, 2017 staged accident.

Ultimately, the Defendant settled the Thomas Lawsuit for $7,500, and on June 7, 2019, the Defendant cashed a settlement check in that amount. In effectuating the settlement, the Defendant caused Covenant to issue from its Chase Bank ("Chase") account check number 609228 dated June 7, 2019 in the amount of $7,500. When cashing that check in Louisiana, the Defendant caused Chase to create an electronic wire communication that traveled to a Chase data center located outside of Louisiana. In total, the Government would present evidence at trial that the loss to Covenant Transportation Group was $43,000.00.

In sum, the Government's evidence would prove the defendant, **LUCINDA THOMAS**, conspired to commit wire fraud by causing the filing of the Thomas Lawsuit seeking monetary damages that was premised on falsehoods in connection with the June 6, 2017 staged automobile accident, providing false information during the course of the Thomas Lawsuit in an effort to recover monetary damages against the owner and insurer of the 2017 Freightliner tractor-trailer, and causing the use of interstate wire communications to facilitate her recovery with this staged accident.





**Limited Nature of Factual Basis**

This proffer of evidence is not intended to constitute a complete statement of all facts known by **THOMAS**, and/or the government. Rather, it is a minimum statement of facts intended to prove the necessary factual predicate for her guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the plea of guilty to the charged offense by **THOMAS.**

The above facts come from an investigation conducted by, and would be proven at trial by credible testimony from, *inter alia*, Special Agents and forensic examiners from the Federal Bureau of Investigation and admissible tangible exhibits in the custody of the FBI.

READ AND APPROVED:

LUCINDA THOMAS
Defendant

MICHAEL G. RIEHLMANN
Counsel for Defendant

BRIAN M. KLEBBA
Assistant United States Attorney